UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH GIBBONS,

    Plaintiff,

v.                          Case No. 8:26-cv-1232-VMC-TGW

MICHAEL HOWELL, and
MONTENEGRO RESTORATION, INC.,

    Defendants.

_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Kenneth Gibbons's Motion for Remand (Doc. # 19), filed on May 27, 2026. Defendants Michael Howell and Montenegro Restoration, Inc. responded on June 10, 2026. (Doc. # 21). For the reasons that follow, the Motion is granted.

**I.   Background**

This matter arises from a "motor vehicle and bicycle collision" that occurred in Hillsborough County, Florida. (Doc. # 1-2 at 1). Mr. Gibbons initiated this negligence case against Defendants in state court on October 10, 2025. (Doc. # 1-3 at 8; Doc. # 19-2). In his initial complaint, Mr. Gibbons stated that "[t]his is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS." (Doc. # 19-2 at

1

2). That same day, Mr. Gibbons also filed a paper titled "Rule 1.280(a) Initial Disclosures," stating "[p]ast medical bills/expenses from Plaintiff's medical providers: Medical bills to date totaling $197,965.10 (and rising)." (Doc. # 19-3 at 7).

On December 11, 2025, Mr. Gibbons filed his Amended Complaint in state court. (Doc. # 1-2; Doc. # 19-4). On December 30, 2025, the Florida Secretary of State accepted substitute service of process on behalf of Defendants. (Doc. # 19-5). Defendants admit that Mr. Gibbons also served his Initial Disclosures with the service of the Amended Complaint on December 30, 2025. (Doc. # 21 at 2).

On January 8, 2026, Mr. Gibbons filed a "Notice of Filing Proof of Service of Process" in the state court as to the Secretary of State's acceptance of substitute service. (Doc. # 19-6 at 2). That same day, Mr. Gibbons's counsel sent correspondence via certified mail to both Defendants, enclosing proof of substitute service, the Amended Complaint, and the Initial Disclosures. (Id. at 12-52; Doc. # 19-7 at 12-51). On January 29 and January 30, 2026, Defendants answered the Amended Complaint. (Doc. # 19-12; Doc. # 19-13).

About three months later, on April 28, 2026, Defendants removed the case to this Court on the basis of diversity

2

jurisdiction. (Doc. # 1). In their notice of removal, Defendants cited to Mr. Gibbons's discovery responses produced on April 1 and April 7, 2026, which included a "special damages" document that claimed past medical expenses of $242,197.03. (Id. at 3). On that basis, Defendants stated the amount in controversy is satisfied and that removal is proper.

On May 14, 2026, Montenegro Restoration filed a "Notice of Acceptance of Plaintiff's Proposal for Settlement" (Doc. # 11). On May 15, 2026, the Court dismissed the claims against Montenegro Restoration without prejudice. (Doc. # 12). Thus, Mr. Howell is the only remaining defendant in this action.

In his Motion for Remand, Mr. Gibbons argues that Defendants' removal is untimely. (Doc. # 19). Despite Montenegro Restoration's dismissal, both Defendants have responded (Doc. # 21), and the Motion is ripe for review.

## II. Discussion

"A federal district court must remand to the state court any case that was removed improvidently or without the necessary jurisdiction." Cacciatore v. Liberty Life Assurance Co. of Boston, 85 F. Supp. 2d 1282, 1283 (M.D. Fla. 2000) (citation omitted). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed

to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted).

If a defendant desires to remove any civil action from a state court, federal law requires that

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). "This thirty-day time period is mandatory and may not be extended by the court." Liebig v. DeJoy, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993) (citation omitted). Nonetheless,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The law specifies that "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be

4

treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

In the Motion, Mr. Gibbons argues that Defendants' notice of removal is untimely under 28 U.S.C. § 1446(b)(3), because "the operative event rendering this matter removable occurred on January 8, 2026, when [Mr. Gibbons] served upon Defendant[s] a package containing [Mr. Gibbons's] Initial Disclosures, which expressly and unambiguously identify $197,965.10 'and rising' for [Mr. Gibbons's] medical expenses to date." (Doc. # 19 at 9). He argues that "the thirty-day removal clock began on January 8, 2026," but "Defendant did not remove this matter until April 28, 2026, 110 days after service of the Initial Disclosures." (Id.).

In response, Defendants do not dispute that Mr. Gibbons provided his Initial Disclosures on or about January 8, 2026. (Doc. # 21 at 2). Nonetheless, Defendants contend that service of the Initial Disclosures did not make this case ascertainably removable because "[Mr. Gibbons] never provided the Defendants with any documentation to support the jurisdictional threshold being met until [Mr. Gibbons] filed his discovery responses on or about April 1, 2026 in the State Court case." (Doc. # 21 at 7). Defendants further argue that the "Initial Disclosures simply stated an amount of damages

5

that the [Mr. Gibbons] is claiming, but did not specify the amount of the remaining balance, nor did [Mr. Gibbons] provide any documentation to support the amount of damages claimed." (Id. at 10). According to Defendants, "when the Defendants actually received the discovery responses on or about April 1, 2026, which detailed and itemized [Mr. Gibbons's] claimed damages, that is when the timeframe for removal began." (Id.).

Defendants' arguments are unpersuasive. Where the propriety of removal is to be established by an "other paper" under § 1446(b), "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 n.63 (11th Cir. 2007). Defendants cite no authority suggesting that removal requires "documentation" supporting an unambiguous statement of damages. See Cuesta v. Holiday CVS, LLC, No. 25-25695-CIV, 2026 WL 1162323, at *9 (S.D. Fla. Apr. 29, 2026) (rejecting the defendant's argument that initial disclosures were insufficient because they lacked supporting medical records, noting "[a]n attorney-certified damages figure . . . is an unambiguous statement of what plaintiff claims.").

Here, the Initial Disclosures provided a computation of damages for past medical expenses, stating "[m]edical bills

to date totaling $197,965.10 (and rising). See special damages chart included with the initial document production (included in the OneDrive electronic link) which sets forth all medical expenses to date." (Doc. # 19-9 at 53). The disclosure of at least $197,965.10 in damages constitutes a clear and unambiguous statement that Mr. Gibbons's claim of damages exceeds $75,000. "[C]ourts in our circuit often rely on the initial disclosures as unambiguous written evidence triggering the removal deadline under section 1446(b)(3)." Cuesta, 2026 WL 1162323, at *7 (collecting cases). Indeed, "[a] specific dollar figure in these initial disclosures that clearly exceeds the jurisdictional threshold constitutes an 'other paper' within the meaning of section 1446(b)(3) and triggers the thirty-day removal window from the date of its receipt." Id. at 10.

Contrary to Defendants' argument, it is not material that they later received a more "detailed and itemized" claim of damages in the April 2026 "special damages" discovery production. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010) (explaining that removal is "both permitted and required 'as soon as the action assumes the shape of a removable case'" (quoting Powers v. Chesapeake & O. R. Co., 169 U.S. 92, 101 (1898)). "Section 1446(b)(3) does

not ask which of a [plaintiff's] papers was the clearest or most convenient confirmation of removability. It instead looks to a paper 'from which it may first be ascertained' that the case is removable. The word 'first' is significant. It means that, once a plaintiff has served a document from which removability can be ascertained, the clock begins even if that becomes even more clear later. The statute creates a single trigger; it does not allow the trigger to be pulled twice." Cuesta, 2026 WL 1162323, at *10 (citations omitted). "In short, [Defendants] cannot manufacture a new section 1446(b)(3) trigger by waiting for a later, more explicit document to arrive." Id. at *11.

The two cases relied upon by Defendants are readily distinguishable. In Nikollaj v. Federal Insurance Company, 472 F.Sup.3d 1138 (M.D. Fla. 2020), the plaintiff argued that the defendant should have removed earlier because it had "received a pre-suit public adjuster estimate" that exceeded the jurisdictional threshold. Id. at 1140. The court rejected that argument because, for purposes of § 1446(b), "the defendant must receive the 'other paper' only after it receives the initial pleading." Id. (citation omitted). Likewise, in Ramos v. Walmart Stores E., L.P., No. 8:25-cv-3521-WFJ-CPT, 2026 WL 194220 (M.D. Fla. Jan. 26, 2026), the

8

court denied the plaintiff's motion to remand "[b]ecause the letter sent to Defendant on July 17, 2025, itemizing medical bills of $16,898.99 and demanding $1 million, was delivered pre-suit" and thus "does not constitute an 'other paper' under the removal statute." Id. at 2.

Here, Mr. Gibbons's Initial Disclosures were not "pre-suit" papers and were not received by Defendants before the initial pleading. Rather, Mr. Gibbons initiated his case on October 10, 2025, perfected service of process on Defendants on December 30, 2025, and thereafter delivered the Initial Disclosures to Defendants on or about January 8, 2026. Under § 1446(b)(3), Defendants' deadline to remove was thirty days later: February 7, 2026. Yet, Defendants filed their notice of removal on April 28, 2026 (Doc. # 1), over 100 days later. This untimely removal requires remand.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Kenneth Gibbons's Motion for Remand (Doc. # 19) is **GRANTED.** The Clerk is directed to **REMAND** this case to state court and, thereafter, **CLOSE** this case.

9

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of June, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE